UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**COLUMBUS CHRIS WILLIAMS**                          **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA DOC'S OFFICE,**       **NO. 21-00366-BAJ-EWD**
**ET AL.**

### RULING AND ORDER

This matter comes before the Court in connection with the Court's Order dated September 10, 2021, directing Plaintiff to pay, by no later than October 1, 2021, the full amount of the Court's filing fee. (Doc. 3).

Pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), the Court determined that Plaintiff was not authorized to proceed *in forma pauperis* in this matter. (*Id.*). The Court emphasized that "[f]ailure to pay the Court's filing fee within the time provided may result in the dismissal of Plaintiff's action without further notice." (*Id.*).

In accordance with 28 U.S.C. § 1915, a prisoner filing a civil action or appeal in federal court may be granted *in forma pauperis* status but is, nonetheless, required to pay the full amount of the Court's filing fee over time in incremental installments. However, such incremental payments are not permitted and *pauper* status shall be denied where the prisoner has filed, on at least three prior occasions while incarcerated, actions or appeals that have been dismissed as legally baseless. 28 U.S.C. § 1915(g) specifically provides:

1

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In the instant case, Plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in federal courts that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Accordingly, pursuant to 28 U.S.C. § 1915(g), the Court directed Plaintiff to pay the full amount of the Court's filing fee. (Doc. 3). Plaintiff has failed to pay the filing fee as ordered.[2]

Accordingly,

**IT IS ORDERED** that the above-captioned matter be and is hereby

---

[1] Cases filed by Plaintiff that have been dismissed as frivolous or for failure to state a claim include, but are not limited to the following: *Williams v. Larpenter*, No. 01-3697 (E.D. La. 2002) (dismissing Plaintiff's complaint with prejudice as legally frivolous and/or for failure to state a claim under 28 U.S.C. 1915(e)(2) and 42 U.S.C. 1997(e)(c)(1) because all claims barred by the applicable statute of limitations); *Williams v. 32nd JDC*, No. 01-3731 (E.D. La. 2002) (dismissing Plaintiff's claims with prejudice as frivolous and for failure to state a claim upon which relief may be granted); *Williams v. Larpenter*, No. 01-3732 (E.D. La. 2002) (dismissing claims with prejudice as frivolous under § 1997e); *Williams v. Larpenter*, No. 01-3733 (E.D. La. 2002) (Plaintiff's claims dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted); *Williams v. Terrebonne Parish Consolidated Government*, No. 02-443 (E.D. La. 2002) (Plaintiff's claims dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii); *Williams v. Larpenter*, No. 02-495 (E.D. La. 2002) (Plaintiff's suit dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii). *See also Williams v. Terrebonne Parish Sheriff's Office, et al.*, No. 04-1172 (E.D. La. 2004) (recognizing that Plaintiff had accumulated three strikes and denying his request to proceed *in forma pauperis*).

[2] Plaintiff sent a letter to the Court on October 1, 2021, requesting "a few days" to pay the filing fee. (Doc. 5). More than 120 days have passed since this time, however, rendering this case ripe for dismissal.

**DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to pay the Court's filing fee. Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 22nd day of February, 2022

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**